IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GERARD DAVID McCREE, JR., <br> AIS #203840, <br><br> Plaintiff, <br><br> v. <br><br> GREG GRIFFIN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:19-CV-722-ALB <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Gerard David McCree, Jr., a state inmate, currently incarcerated pursuant to a sentence of life without parole imposed upon him by the Circuit Court of Montgomery County, Alabama in 2003 for convictions on three counts of capital murder.  In this complaint, McCree challenges the constitutionality of orders entered by Greg Griffin, a judge for the Montgomery County Circuit Court, in a recent Rule 32 action over which Judge Griffin presided.  Doc. 1 at 3–4.  McCree seeks entry of a declaratory judgment finding the actions of Judge Griffin violative of his constitutional rights and issuance of an order compelling Judge Griffin to produce to the plaintiff physical evidence obtained in his case for DNA testing and analysis.  Doc. 1 at 29.

Upon thorough review of the instant complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II. DISCUSSION

McCree alleges that Judge Greg Griffin entered orders in a Rule 32 action filed with the Circuit Court of Montgomery County, Alabama, which deprived him of his constitutional rights.  Doc. 1 at 3–4.  In the Rule 32 petition, McCree sought "access to physical evidence[, a black hat found near the victim's body,] for DNA testing."  Doc. 1 at 3.  McCree argues that the orders issued by Judge Griffin denied him "access to [potentially] exculpatory evidence for forensic DNA testing and analysis."  Doc. 1 at 13. He also challenges Judge Griffin's order refusing "to reinstate Mr. McCree's appeal to the trial docket."  Doc. 1 at 13.  McCree sought mandamus relief from the state appellate courts with respect to the latter order which both the Alabama Court of Criminal Appeals and Alabama Supreme Court denied.  Doc. 1-1 & Doc. 1-2.

The claims presented against Judge Griffin provide no basis for relief before this court as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their

---

[1] This court granted McCree leave to proceed *in forma pauperis* in this cause of action.  Doc. 3.  A prisoner granted *in forma pauperis* status must have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

All of the allegations made by McCree against Judge Griffin emanate from actions taken by the defendant in his judicial capacity during state court proceedings over which he had jurisdiction. Judge Griffin is therefore absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, McCree's claims

against Judge Griffin are "based on an indisputably meritless legal theory" and also fail to state claims on which relief may be granted. As such, these claims are subject to dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The court further finds that, insofar as McCree seeks declaratory or injunctive relief from various final orders issued by Judge Griffin in the Rule 32 proceeding, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar McCree from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201. Moreover, a 42 U.S.C. § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (A § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief from various final orders entered by Judge Griffin in McCree's Rule 32 action is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed prior to service of process in accordance with the directives set forth in 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

The plaintiff may file objections to the instant Recommendation on or before **October 18, 2019**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of October, 2019.

                                        /s/ Charles S. Coody
                                UNITED STATES MAGISTRATE JUDGE