IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERARD DAVID McCREE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cv-722-ALB |
| | ) | [WO] |
| GREG GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# **ORDER**

In this 42 U.S.C. § 1983 action, Plaintiff Gerard David McCree is a state inmate currently incarcerated pursuant to a sentence of life without parole imposed upon him by the Circuit Court of Montgomery County, Alabama in 2003 for convictions on three counts of capital murder. He previously filed a habeas action challenging these convictions which was denied by this court. *McCree v. Jones*, 2:06-cv-520-WHA-SRW, motion for certificate of appealability denied by the Eleventh Circuit on June 1, 2009. In the instant § 1983 action, "McCree challenges the constitutionality of orders entered by Greg Griffin, a judge for the Montgomery County Circuit Court, in a recent Rule 32 action over which Judge Griffin presided. (Doc. 1 at 3–4). Plaintiff seeks a declaratory judgment finding the actions of Judge Griffin violated his constitutional rights and an order compelling Judge Griffin to produce to Plaintiff physical evidence obtained in his case from the site

where the victim's body was found after being shot by Plaintiff at a separate location for DNA testing and analysis. (Doc. 1 at 29). Plaintiff challenged the orders issued by Judge Griffin in the state appellate courts by writ of mandamus which both the Alabama Court of Criminal Appeals and Alabama Supreme Court denied. (Doc. 1-1 & Doc. 1-2).

Under well-settled law, the magistrate recommended that Plaintiff's claims against Judge Griffin be summarily dismissed because he is entitled to absolute immunity for the actions undertaken within his judicial capacity in a state civil proceeding over which he had jurisdiction. Specifically,

> The claims presented against Judge Griffin provide no basis for relief before this court as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

Doc. 4 at 2–3.

Plaintiff filed an objection to the Recommendation, in which he argues that this court improperly dismissed this case against Judge Griffin because Judge Griffin's actions in denying his request for access to evidence, i.e., a hat found at the dump site of the victim's body which had not been subjected to DNA testing, denied him access to evidence which might after testing support a claim of actual innocence or prove exculpatory by showing some other person may have been present when the victim's body was left in the woods. (Doc. 5). Plaintiff argues that Judge Griffin acted arbitrarily and deprived him of due process by denying him access to the evidence for DNA testing. However, Judge Griffin entered the orders in a state civil action over which he had jurisdiction and, as such, is therefore entitled to absolute immunity.

The Recommendation further found that

> insofar as McCree seeks declaratory or injunctive relief from various final orders issued by Judge Griffin in the Rule 32 proceeding, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar McCree from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546

3

U.S. at 464, 125 S.Ct. at 1201. Moreover, a 42 U.S.C. § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (A § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

Doc. 4 at 3–4.

Based on the foregoing, Plaintiff's objections provide no basis for relief from the Recommendation dismissing his claims against Judge Griffin.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. 4) is ADOPTED;

2. Plaintiff's objections (Doc. 5) are OVERRULED;

3. Plaintiff's Complaint is summarily dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).

A final judgment will be entered separately.

**DONE** and **ORDERED** this 5th day of November 2019.

                                          /s/ Andrew L. Brasher
                                      ANDREW L. BRASHER
                                      UNITED STATES DISTRICT JUDGE