IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GERARD DAVID McCREE, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 2:19-cv-722-ALB [WO] |
| GREG GRIFFIN, | ) ) | |
| Defendant. | ) ) | |

## **ORDER**

Plaintiff has filed a *pro se* motion (Doc. 17) for the Court to reconsider his prior motions for a certificate of appealability (Doc. 8, 14) and a motion to proceed *in forma pauperis* (Doc. 9). On January 8, 2020, this Court found that the Plaintiff's appeal was without a legal or factual basis, frivolous, and not taken in good faith.

In his Complaint, Plaintiff sought an order from this Court directing Alabama State Circuit Judge Greg Griffin to produce to Plaintiff an item of evidence from his criminal trial for DNA testing. No other defendants were named or served in this matter. This Court dismissed Plaintiff's claims against Judge Griffin prior to service on the basis of absolute judicial immunity. In his motion for reconsideration, Plaintiff argues that this Court committed plain error in dismissing his case because he should have been allowed to amend his Complaint to add the state district attorney as a defendant, who, he argues, would not enjoy absolute immunity. (Doc. 17 at 3).

However, Plaintiff never moved this Court for leave to amend his Complaint. Only after this case had been dismissed on absolute immunity against the only named defendant, a final judgment entered, and a ruling entered on his post-judgment motions did he suggest that another defendant could have been added. Plaintiff did not make any motion to amend his Complaint, and he did not mention any other parties in his objections to the Magistrate Judge's Report and Recommendation. Plaintiff was advised in the Conclusion of the Report and Recommendation that failing to object to factual and legal conclusions accepted or adopted by the District Court would waive such objections except upon plain error or manifest injustice. (Doc. 4 at 5). Plaintiff has offered neither factual nor legal support for the proposition that this Court committed plain error by addressing the only claim and the only defendant named by the Plaintiff. Plaintiff's motion to reconsider, like his appeal and dismissed Complaint, is frivolous.

Accordingly, Plaintiff's motion to reconsider (Doc. 17) is **DENIED.**

**DONE** and **ORDERED** this 10th day of February 2020.

/s/ Andrew L. Brasher
ANDREW L. BRASHER
UNITED STATES DISTRICT JUDGE